IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Krystyna Zdunczuk, | : |
| Plaintiff, | : Case No. 3:20-cv-627 |
| v. | : |
| We Care Home Care, LLC and Barbara Moyer, | : |
| Defendants. | : |

## **COMPLAINT**

### I.   INTRODUCTION

1. This is an action brought by the plaintiff, Krystyna Zdunczuk ("Plaintiff"), against the defendants, We Care Home Care, LLC ("We Care") and Barbara Moyer ("Moyer") (collectively, "Defendants"), arising from Defendants' failure to lawfully pay Plaintiff wages for her work.  Plaintiff alleges violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the minimum wage, overtime, and wage payment provisions of the Connecticut Minimum Wage Act, Conn. Gen. Stat. §31-58 *et seq* ("CMWA"). Plaintiff seeks her unpaid wages, liquidated damages pursuant to the FLSA, punitive damages pursuant to the CMWA, and her reasonable attorney's fees and costs.

### II.   JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331.  With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III. THE PARTIES

4. Plaintiff is an adult resident of Connecticut.

5. Defendant We Care is a provider of in-home homemaker and companion services with a place of business at 150 Sycamore Street, Glastonbury, Connecticut.

6. Defendant Moyer is a resident of Newington, Connecticut.

7. At all relevant times, defendant Moyer was the owner and manager of defendant We Care.

8. At all relevant times, Plaintiff was an employee of Defendants as that term is defined by 29 U.S.C. §203(e)(1) and Conn. Gen. Stat. §§ 31-58(f) and 31-71a(2).

9. At all relevant times, Plaintiff was an employee engaged in commerce and/or an employee in an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a)(1).

10. At all relevant times, defendant Moyer made all relevant decisions regarding the Plaintiff's wages and working conditions.

11. At all relevant times, Defendants were employers as that term is defined by 29 U.S.C. § 203(d) and Conn. Gen. Stat. §§ 31-58(e) and 31-71a(1).

## IV. STATEMENT OF FACTS

12. Defendants employed Plaintiff to provide live-in care to Defendants' elderly clients from around February 11, 2018 until around December 7, 2019.

13. Plaintiff worked 7 days per week during 55 weeks of her employment, 6 days per week during 12 weeks, 5 days per week during 5 weeks, 4 days per week during 6

weeks, 3 days per week during 6 weeks, 2 days per week during 3 weeks, and 1 day per week during 3 weeks.

14. Plaintiff could not and did not leave the elderly clients unattended except during their nightly sleep.

15. Plaintiff routinely could not enjoy a period of at least 8 hours of rest per night uninterrupted by a call to duty.

16. Plaintiff had to get up 2 to 3 times each night to attend to the clients' needs. She estimates that the interruptions lasted a total of around one hour per night on average.

17. Plaintiff worked an average of around 17 hours per day.

18. The payroll statements prepared by Defendants claim that they were paying Plaintiff at the regular rate of $15.00 per hour and the overtime rate of $22.50 for hours over 40 worked in each week.

19. But in fact, Defendants paid Plaintiff at the rate of approximately $150 per day without regard to the number of hours worked per day or the total hours worked per week.

20. Defendants employed a system of falsely reporting set numbers of hours to payroll processor ADP that computed to an average of exactly or approximately $150 per day, as follows:

    1 day worked per week: 10 hours x $15.00 = $150.00

    2 days worked per week: 20 hours x $15.00 = $300.00

    3 days worked per week: 30 hours x $15.00 = $450.00

    4 days worked per week: 40 hours x $15.00 = $600.00

    5 days worked per week: 40 hours x $15.00 + 6.70 hours x $22.50 = $750.75

    6 days worked per week: 40 hours x $15.00 + 13.34 hours x $22.50 = $900.15

    7 days worked per week: 40 hours x $15.00 + 20 hours x $22.50 = $1,050.00

21. Defendants paid Plaintiff at effective hourly rates well below the Connecticut minimum wage.

22. Defendants did not pay Plaintiff at the rate of one and one-half times her regular hourly rate for all hours worked in excess of forty hours in each one-week period.

23. Defendants did not maintain a complete and accurate record of the hours worked and wages earned by Plaintiff.

24. At all relevant times through September 30, 2019, the minimum hourly wage in Connecticut was $10.10.

25. At all relevant times since October 1, 2019, the minimum hourly wage in Connecticut was $11.00.

## V. COUNT ONE: FLSA AND CMWA OVERTIME VIOLATIONS

26. Plaintiff restates, re-alleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

27. Defendants' failure to pay overtime wages as required by federal law was willful, inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the FLSA and did not do so.

28. Defendants' failure to pay overtime wages as required by Connecticut law was willful inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the CMWA and did not do so.

29. As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages.

## VI. COUNT TWO: CONNECTICUT MINIMUM WAGE VIOLATIONS

30. Plaintiff restates, re-alleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

31. As described above, Defendants failed to compensate Plaintiff by paying her at least the applicable Connecticut minimum wage for each hour worked.

32. Defendants' failure to pay at least the applicable minimum wage as required by Connecticut law was willful inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the CMWA and did not do so.

33. As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages.

**VII.   COUNT THREE: FAILURE TO PAY WAGES DUE (Conn. Gen Stat. § 31-71b)**

34. Plaintiff restates, re-alleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

35. Connecticut law requires Defendants to pay employees at least the Connecticut minimum wage or higher stated hourly rate for all hours worked. Conn. Gen. Stat. § 31-71a *et seq*.

36. As described above, Defendants failed to compensate Plaintiff by paying her at least the applicable Connecticut minimum wage or the stated rate of $15.00 for all hours worked.

37. Defendants' failure to pay Plaintiff for all hours worked was willful inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the CMWA and did not do so.

38. As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to pay to Plaintiff all wages owed, consistent with the Fair Labor Standards Act and the Connecticut Minimum Wage Act;

2. Award Plaintiff liquidated damages for all overtime wages owed pursuant to 29 U.S.C. §216(b);

3. Award Plaintiff punitive damages for all wages owed pursuant to Conn. Gen. Stat. §31-72;

4. Award Plaintiff her reasonable attorney's fees and costs; and

5. Award Plaintiff such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

*/ s / Mariusz Kurzyna*
Mariusz Kurzyna (ct28940)
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
Tel. 301-587-9373
Fax 240-839-9142
mkurzyna@zagfirm.com

*Counsel for Plaintiff*