IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **KRYSTYNA ZDUNCZUK,** : | |
|     Plaintiff, : | |
| : | |
| V. : | Case No. 3:20-cv-00627 (VAB) |
| : | |
| **WE CARE HOME CARE, LLC** and : | |
| **BARBARA MOYER,** : | |
|     Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

The plaintiff, Krystyna Zdunczuk ("Plaintiff"), respectfully submits this Memorandum of Law in support of her Motion for Partial Summary Judgment.

**I.     INTRODUCTION**

In this minimum wage and overtime case, Plaintiff was employed by the defendants, We Care Home Care, LLC ("We Care") and Barbara Moyer ("Moyer") (collectively, "Defendants to provide care and companionship to Defendants' elderly and infirm clients on a live-in basis in the clients' homes.  After the first client, who suffered from dementia, died, Plaintiff was assigned to another client with dementia.  Because of the dementia, Plaintiff could not leave the clients unattended except during their nightly sleep and, even then, her sleep was frequently interrupted to by the clients' call to duty.   Plaintiff routinely worked more than 40 hours per week but was never paid overtime.  Instead, Defendants paid Plaintiff at the rate of $150 per day regardless of the number of hours she worked on a given day and regardless of the number of hours or days she worked in a given week.  Plaintiff also claims that her effective hourly rate fell below the Connecticut minimum wage.  However, because the number of hours she worked per day is in dispute, Plaintiff is not seeking summary judgment on the minimum wage claim.  In contrast, it cannot be reasonably disputed that: (1) Defendants violated the Fair Labor Standards

Act ("FLSA") and the Connecticut Minimum Wage Act ("CMWA") by failing to pay Plaintiff at the rate of one and one-half times her regular hourly rate for all hours worked in excess of forty hours in each one-week period; (2) a three-year statute of limitations applies to Plaintiff's FLSA claims; (3) any damages that are ultimately awarded should be liquidated; and (4) Moyer is individually liable for We Care's overtime violations.  Accordingly, the Court should dispose of these issues before the genuinely disputed issues are put to the jury.

## II.      FACTS

We Care is a provider of in-home homemaker and companion services. *See* Local Rule 56(a)(1) Statement, ¶ 1.  Moyer has been a 50 percent owner of We Care since 2008 and is principally responsible for managing We Care's operations, including dealing with clients and employees. *Id*. at ¶ 2.  Defendants employed Plaintiff to provide live-in care to We Care's elderly and infirm clients from approximately February 11, 2018, through December 7, 2019. *Id*. at ¶ 3.  Moyer hired Plaintiff. *Id*. at ¶ 4.  Moyer was Plaintiff's immediate supervisor and/or manager. *Id*. at ¶ 5. Moyer formulated We Care's payroll policies and practices and handled the preparation and distribution of payroll during Plaintiff's employment. *Id*. at ¶ 6.  Defendants paid Plaintiff at the rate of $150 per day regardless of the number of hours she worked on a given day and regardless of the number of hours or days she worked in a given week. *Id*. at ¶ 7.

Defendants prepared pay statements that give the false appearance that Plaintiff was paid overtime by utilizing set formulas that computed to an average of exactly or approximately $150 per day, as follows: (1) When Plaintiff worked one day per week, the statements show 10 hours at the rate of $15.00 per hour for a total of $150.00; (2) When Plaintiff worked two days per week, the statements show 20 hours at the rate of $15.00 per hour for a total of $300.00; (3) When Plaintiff worked three days per week, the statements show 30 hours at the rate of $15.00

per hour for a total of $450.00; (4) When Plaintiff worked four days per week, the statements show 40 hours at the rate of $15.00 per hour for a total of $600.00; (5) When Plaintiff worked five days per week, the statements show 40 hours at the rate of $15.00 per hour plus 6.7 hours at the rate of $22.50 per hour for a total of $750.75; (6) When Plaintiff worked six days per week, the statements show 40 hours at the rate of $15.00 per hour plus 13.34 hours at the rate of $22.50 per hour for a total of $900.15; and (7) When Plaintiff worked seven days per week, the statements show 40 hours at the rate of $15.00 per hour plus 20 hours at the rate of $22.50 per hour for a total of $1,050.00. *Id.* at ¶ 8.

Each of the two clients for whom Plaintiff cared during her employment with Defendants suffered from dementia and could not be left unattended. *Id.* at ¶ 9. Defendants were aware of their obligation to pay overtime after forty hours worked in a given week and kept track of employee hours when their services were paid for by insurance companies. *Id.* at ¶ 10. Despite this knowledge and experience, Defendants failed to keep track of employee hours when the services were paid for by the consumer directly, as was the case with Plaintiff. *Id.* at ¶ 11. Defendants knew that Plaintiff had to attend to the client during Plaintiff's regularly scheduled sleeping period but did not compensate her for the interruptions. *Id.* at ¶ 12. Defendants knew that they were required to pay Plaintiff for every hour worked. *Id.* at ¶ 13. Defendants did not consult with the United States Department of Labor, Connecticut Department of Labor, or an attorney to ascertain what constitutes hours worked by a live-in homecare worker or whether their payment scheme was legal. *Id.* at ¶ 14. Plaintiff frequently worked more than forty hours per week. *Id.* at ¶ 15. Defendants did not pay Plaintiff at the rate of one and one-half times her regular hourly rate for all hours worked in excess of forty hours in each one-week period. *Id.* at ¶ 16.

**III.     LEGAL ARGUMENT**

For the reasons set forth below, summary judgment should enter in favor of Plaintiff on each of the following issues: (1) that Defendants violated the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Act ("CMWA") by failing to pay Plaintiff at the rate of one and one-half times her regular hourly rate for all hours worked in excess of forty hours in each one-week period (liability on Count One); (2) that a three-year statute of limitations applies to Plaintiff's FLSA claims; (3) that Plaintiff is entitled to liquidated damages on any damages that are ultimately awarded; and (4) that Moyer is individually liable for We Care's violations.

**A.     Legal Standard**

Summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Where the facts and law will reasonably support only one conclusion, summary judgment should be granted. *Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 554 (1997). The non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Amaker v. Foley*, 274 F.3d 677, 680–81 (2d Cir. 2001) (citations omitted) (internal quotation marks omitted). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

**B.     Defendants violated the FLSA and CMWA overtime provisions**

Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate

4

at which he is employed." 29 U.S.C. § 207(a)(1).  Similarly, under the CMWA, "[n]o employer, except as otherwise provided herein, shall employ any of his employees for a workweek longer than forty hours, unless such employee receives remuneration for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Conn. Gen. Stat. § 31-76c.  The Connecticut Supreme Court has indicated that, in interpreting the CMWA, federal precedent interpreting analogous provisions of the FLSA can be used. *Roto-Rooter Servs. Co. v. Dep't of Labor*, 219 Conn. 520, 528 n.8, 593 A.2d 1386 (Conn. 1991).

    Live-in homecare workers who are not employed directly by the consumer client but by a third-party employer like We Care are not subject to any exemption from the overtime requirements. *See* 29 C.F.R. §§ 552.100(a), 552.109.  The only time that may be excluded from the calculation of hours worked by such live-in homecare workers is "sleeping time, meal time and other periods of complete freedom from all duties when the employee may either leave the premises or stay on the premises for purely personal pursuits." 29 C.F.R. § 552.102(a).  In regard to sleep time, "the employer and the employee may agree to exclude . . . a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep." 29 C.F.R. § 785.22(a).  "If the sleeping period is interrupted by a call to duty, the interruption must be counted as hours worked." 29 C.F.R. § 785.22(b).  "If the period is interrupted to such an extent that the employee cannot get ... at least 5 hours' sleep during the scheduled period ..., the entire period must be counted." *Id*.

    The fact that Plaintiff worked more than forty hours in at least some workweeks cannot reasonably be disputed.  She provided around-the-clock care to clients with dementia who could

not be left unattended except during their nightly sleep. In most weeks of her employment, Plaintiff worked all seven days. *See* Ex. 5 (55 weekly paystubs in the amount of $1,050, representing 7 days at the rate of $150 per day). To have worked less than forty hours, Plaintiff would have had to work an average of less than 5.71 hours per day in a 7-day week (40 / 7 = 5.71). Even if Plaintiff had a period of at least 8 hours set aside for sleep each night and her sleep was never interrupted by a call to duty, there is still a baseline of 16 otherwise compensable hours per day from which reductions could be made only for "periods of complete freedom from all duties" when Plaintiff could "either leave the premises or stay on the premises for purely personal pursuits." 29 C.F.R. § 552.102(a). While Defendants allege that Plaintiff took breaks to smoke cigarettes or to shower or nap, even if such breaks were truly non-compensable, it cannot reasonably be disputed that they totaled less than 10 hours per day on average. Indeed, Moyer testified that she "expected" Plaintiff to work around 60 hours during a 7-day workweek. Ex. 1 at 73:17-24.

Moyer has also admitted that Plaintiff was always paid a daily rate of $150 regardless of the number of days she worked during the week. Ex. 1 at 61:3-64:15. In other words, it is undisputed that Defendants did not pay Plaintiff at the rate of one and one-half times her regular hourly rate for all hours worked in excess of forty hours in each one-week period. Accordingly, summary judgment is appropriate as to liability on Count One, failure to pay overtime under the FLSA and CMWA.

### C. A three-year statute of limitations applies to Plaintiff's FLSA claims

Under the FLSA, a three-year statute of limitations applies to claims arising from willful violations of the statute; all other causes of action arising under the FLSA must be commenced within two years from the date of accrual. 29 U.S.C. § 255(a). A violation is willful if "the

employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

Here, Defendants were aware of their obligation to pay overtime after forty hours worked in a given week and kept track of employee hours when their services were paid for by insurance companies. Ex. 1 at 76:03-77:12.  Despite this knowledge and experience, Defendants failed to keep track of Plaintiff's hours. *Id*. at 77:13-17.  Defendants also did not consult with the United States Department of Labor, Connecticut Department of Labor, or an attorney to ascertain what constitutes hours worked by a live-in homecare worker or whether their payment scheme was legal. Ex. 1 at 81:20-82:5; *see Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 465 (S.D.N.Y. 2008) ("Given Gristede's failure to demonstrate that it undertook to inquire whether its conduct was in compliance with the FLSA, see 29 C.F.R. § 578.3(c)(3), there are no genuine issues of material fact as to whether Gristede's violations of the FLSA were willful, see 29 U.S.C. § 255(a)."); *Reich v. Waldbaum, Inc*., 52 F.3d 35, 41 (2d Cir. 1995) (finding employer's violations willful because "the law was clear . . . that employees compensated on an hourly basis are subject to the FLSA, and that the 'bona fide executive' exemption is inapplicable to such employees").

Furthermore, the payment scheme itself provides irrefutable evidence of willfulness. Defendants paid Plaintiff at the rate of $150 per day regardless of the number of hours or days worked per week but issued pay statements to give the false appearance that they were paying overtime. Ex. 1 at 61:3-64:15.  Defendants not only knew that they were required to pay overtime, they created false records to hide the fact that they weren't.  As such, there is no genuine dispute that Defendants' violations of the FLSA were willful.  Accordingly, the Court

should issue summary judgment that a three-year statute of limitations applies to Plaintiff's FLSA claims.

> **D.     Defendants cannot prove their actions were conducted in "good faith" and upon a "reasonable" belief of lawfulness**

"The FLSA states that an employer who violates the Act's minimum wage or overtime provisions 'shall be liable to the . . . employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.'" *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 142 (2d Cir. 1999) (quoting 29 U.S.C. § 216(b)).  "Courts have discretion to deny an award of liquidated damages where the employer shows that, despite the failure to pay appropriate wages, the employer acted in subjective 'good faith' and had objectively 'reasonable grounds' for believing that the acts or omissions giving rise to the failure did not violate the FLSA." *Id*. (quoting 29 U.S.C. § 260). "The employer bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception." *Id*. (citing *Reich v. Southern New England Telecomm. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997)).  "To establish good faith, the employer must take active steps to ascertain the dictates of the FLSA and then act to comply with them." *Id*.  Here, Defendants can make no such showing for the same reasons discussed in Subsection C, above.  Accordingly, Defendants cannot meet their burden, and Plaintiff is entitled to liquidated damages as a matter of law.

> **E.     Moyer is individually liable for We Care's overtime pay violations**

Under the FLSA, "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee…" 29 U.S.C. § 203(d),  The CMWA similarly defines "employer" as "any person … acting directly as, or on behalf of, or in the interest of an employer in relation to employees…" Conn. Gen. Stat. § 31-58(d).  "Although this determination

is fact intensive, summary judgment remains appropriate when the evidence, viewed in the light most favorable to the defendant, establishes as a matter of law that the defendant is in fact an employer under the FLSA." *Johnson v. Wave Comm GR LLC*, 4 F. Supp. 3d 423, 450 (N.D.N.Y. 2014) (citing *Barfield v. N.Y.C. Health & Hosps. Corp*., 537 F.3d 132, 143-44 (2d Cir. 2008). Indeed, "[t]he Supreme Court has emphasized the expansiveness of the FLSA's definition of employer." *Herman*, 172 F.3d at 139.

Here, Moyer was principally responsible for managing We Care's operations and the only one dealing with clients and employees on behalf of We Care. Moyer hired Plaintiff and set her compensation. Moyer formulated We Care's payroll policies and practices and handled the preparation and distribution of payroll. She also devised the scheme to produce false pay records showing that overtime was paid to Plaintiff. In sum, it is undisputed that Moyer acted for We Care in every respect that is relevant to Plaintiff's claims. Accordingly, Plaintiff is entitled to summary judgment on the issue of Moyer's individual liability,

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant summary judgment for Plaintiff on each of the above-enumerated issues.

            Respectfully submitted,

            PLAINTIFF,
            KRYSTYNA ZDUNCZUK

            By     /s/ Mariusz Kurzyna
             Mariusz Kurzyna (ct28940)
             Zipin, Amster & Greenberg, LLC
             8757 Georgia Avenue, Suite 400
             Silver Spring, MD  20910
             Tel: 301-587-9373
             Fax: 240-839-9142
             mkurzyna@zagfirm.com